**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRANDON DELGADO,                    :
                                                    Civil Action No. 07-3361 (RBK)
       Petitioner,       :

       v.                :     **OPINION**

FEDERAL BUREAU OF PRISONS,          :
et al.,
       Respondents.      :

**APPEARANCES:**

Petitioner <u>pro se</u>
Brandon Delgado
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

**KUGLER**, District Judge

    Petitioner Brandon Delgado, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application to proceed in forma pauperis

---

[1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

pursuant to 28 U.S.C. § 1915(a).  The respondents are the Federal Bureau of Prisons and Warden Paul Schultz.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis and direct the Clerk of the Court to file the Petition.  Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

On October 5, 2006, following his conviction for various drug offenses in violation of 21 U.S.C. § 841(a)(1), Petitioner was sentenced in the U.S. District Court for the District of Massachusetts to a term of 57 months' imprisonment to be followed by three years' supervised release.  See United States v. Delgado, 05-cr-10176 (RCL) (D. Mass.).[2]  Plaintiff states that his sentence was enhanced because of his possession of a firearm in connection with the crimes of conviction.  (Memorandum of Law at 1.)[3]

---

[2] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

[3] In his Plea Agreement, Petitioner agreed that "U.S.S.G. § 2D1.1(b)(1) is applicable, requiring an increase to the [Base

Plaintiff states that he is about to enter the Bureau of Prisons' 500-hour Residential Drug Abuse Treatment Program. During his initial intake, he was advised that he would not be eligible for any time off from his sentence because his sentence was enhanced due to his possession of a firearm.

Plaintiff has brought this Petition challenging the 1997 interim regulation prohibiting eligibility for time off for persons whose sentences were enhanced due to possession of a firearm. Plaintiff asserts that the BOP violated the notice-and-comment procedure of the Administrative Procedure Act in adopting the interim rule and that it is, therefore, invalid.

Petitioner asks this Court to order the Bureau of Prisons to grant Petitioner time off on completion of the 500-hour drug treatment program.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

---

Offense Level] of 2 levels." U.S. v. Delgado, 05-cr-10176, Plea Agreement [37] ¶ 3(b).  United States Sentencing Guideline § 2D1.1(b)(1) provides that "If a dangerous weapon (including a firearm) was possessed, increase [Base Offense Level] by 2 levels."

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

In 1990, Congress required the Bureau of Prisons to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addition or abuse." Crime Control Act of 1990, Pub.L. 101-647, § 2903, 104 Stat. 4789, 4913 (codified as amended at 18 U.S.C. § 3621(b)). In 1994, Congress amended the statute to provide an incentive for prisoner participation. The incentive provision reads:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a

>       treatment program may be reduced by the Bureau of
>       Prisons, but such reduction may not be more than one
>       year from the term the prisoner must otherwise serve.

Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103-322, § 32001, 108 Stat. 1796, 1897 (codified at 18 U.S.C. § 3621(e)(2)(B)).

The Bureau published a regulation to implement the early release incentive one year later.  The Bureau defined prisoners who had not been convicted of a nonviolent offense, and who thus were ineligible for early release, as those prisoners who were currently incarcerated for committing a crime of violence as defined in 18 U.S.C. § 924(c)(3).  28 C.F.R. § 550.58 (1995); see 60 Fed.Reg. 27,692, at 27,695.  Following the promulgation of the 1995 regulation, the Courts of Appeals reached differing conclusions on the question of whether the Bureau had discretion to further define a crime of violence as an offense involving a firearm, and thus exclude from eligibility for the early release incentive those prisoners who were incarcerated for such offenses.  See generally Lopez v. Davis, 531 U.S. 230, 234-35 (2001).

In light of the split among the Circuits, the Bureau promulgated an interim regulation on October 15, 1997, and made the regulation effective approximately one week prior, on October 9, 1997.  28 C.F.R. § 550.58(a)(1)(vi)(B) (1997); 62 Fed.Reg. 53,690.  The 1997 interim regulation, like the one it superceded,

made ineligible for the early release incentive those prisoners incarcerated for an offense that involved the possession, use, or carrying of a firearm.  28 C.F.R. § 550.58(a)(1)(vi)(B).  The 1997 interim regulation differs from the 1995 regulation by relying on "the discretion allotted to the Director of the Bureau of Prisons in granting a sentence reduction to exclude [enumerated categories of] inmates," 62 Fed.Reg. at 53,690, rather than purporting to define the statutory terms "prisoner convicted of a nonviolent offense" or "crime of violence."[4]

The commentary accompanying publication of the 1997 interim regulation noted that the Bureau was "publishing this change as an interim rule in order to solicit public comment while continuing to provide consideration for early release to qualified inmates."  62 Fed.Reg. at 53,690.  Nevertheless, the effect of the implemented interim regulation was to deny program eligibility to certain categories of inmates confined at that time and until promulgation of a final regulation.  The commentary to the interim regulation further provided that comments on the interim rule were due on December 15, 1997, and

---

[4] In Lopez v. Davis, the Supreme Court held that the 1997 interim regulation's categorical exclusion of prisoners based on their involvement with firearms in connection with the commission of a felony was a permissible exercise of the Bureau's discretion.  The Court declined to consider the arguments of various amici that the 1997 interim regulation violated the notice-and-comment provisions of the APA, as that argument had not been raised or decided below, or presented in the petition for certiorari.  531 U.S. 230, 244 n.6.

that the comments would be considered before final action was taken.

Three years later, on December 22, 2000, the Bureau replaced the 1997 interim regulation with a final regulation, which adopted the 1997 interim regulation without change.  See 65 Fed.Reg. 80,745.  The final regulation was effective as of December 22, 2000.  Id.  The commentary accompanying the final regulation noted that the Bureau had received and considered approximately 150 comments from individuals and organizations, 138 of which were identical.  Id. at 80,747.  Thus, the final regulation read, in pertinent part, as follows:

> Consideration for early release.
>
> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> ...
>
> (vi) Inmates whose current offense is a felony:
>
> ...

7

```
                        (B) That involved the carrying,
   possession, or use of a firearm or other dangerous
   weapon or explosives (including any explosive material
   or explosive device), ...
```

5 U.S.C. § 550.58 (2000). The regulation has remained unchanged since 2000.

The Administrative Procedure Act requires, with exceptions not relevant here, that proposed rules be published in the Federal Register, not less than 30 days before the proposed rule's effective date, and provide a period for interested persons to comment on the proposed rule, which comments are to be considered by the agency prior to adopting the rule. <u>See</u> 5 U.S.C. § 553(b), (c), (d).

Following promulgation of the 1997 interim regulation, the United States Court of Appeals for the Ninth Circuit determined that the 1997 interim regulation was invalid, for failure to follow the notice-and-comment requirements of the APA. <u>See</u>, <u>Paulsen v. Daniels</u>, 413 F.3d 999 (9th Cir. 2005).

Here, however, Petitioner's eligibility for early release is not determined pursuant to the superceded 1997 interim regulation. Thus, his reliance on <u>Paulsen</u> is misplaced. Instead, the rule governing Petitioner's eligibility for early release is the final regulation issued in 2000. Petitioner does not challenge the procedural regularity of the final regulation, which went through the required notice-and-comment procedure. <u>See</u> <u>Miller v. Gallegos</u>, 125 Fed.Appx. 934, 936 (10th Cir. 2005).

In addition, Bureau of Prisons' policy makes clear that an inmate is evaluated for early release eligibility based upon the date of the inmate's entry into the Residential Drug Abuse Treatment Program, here, some years after the effective date of the final regulation.  See Program Statement 5330.10 (Drug Abuse Programs Manual) at § 6.3.2; Yates v. Sherman, 2007 WL 2022094 (W.D. Pa. 2007).  Thus, any procedural irregularity in the superceded 1997 interim regulation has had no impact on Petitioner's eligibility for early release and cannot provide a ground for relief here.  See, e.g., Yates, 2007 WL 2022094 at *5 (citing Buschmann v. Schweiker, 676 F.2d 352, 358 (9th Cir. 1982) (an improperly promulgated interim rule is invalid as to persons disqualified prior to the issuance of the final rule); Robinson v. Gonzales, 493 F.Supp.2d 758, 763-64 (D. Md. 2007); Thomas v. Middlebrook, 2007 WL 2083616 (N.D. Fla. 2007); Guel v. Whitehead, 2007 WL 2138614 (D.S.D. 2007); Johnson v. Holinka, 2007 WL 1446476 (D. Minn. 2007).

## IV.  CONCLUSION

For the reasons set forth above, the Petition must be dismissed.  An appropriate order follows.


S/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: October 17, 2007